■ JOAN F. STAPLETON et al., Respondents, v CITY OF TROY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (McDermott, J.), entered October 27, 1987 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

While walking on a public sidewalk in defendant, City of Troy, Rensselaer County, plaintiff Joan F. Stapleton (hereinafter plaintiff) allegedly fell and fractured her left ankle. It is conceded, for the purposes of defendant's motion for summary judgment, that plaintiff fell when she stepped into a depression between a stone slab covering a catch basin and the corner of an abutting flagstone. The allegations of the complaint state that the acts of defendant's employees in constructing and maintaining the catch basin and cover caused the depression and that defendant made a "special use" of this particular sidewalk.

In its answer defendant interposed the affirmative defense of plaintiffs' failure to comply with defendant's Local Laws, 1983, No. 1, § 1 (a), which requires that prior written notice be given to defendant before recovery is allowed for personal injuries sustained in consequence of any defect in a public sidewalk. No such prior written notice was given here. Defendant then moved for summary judgment dismissing the complaint for failure to comply with the prior notice requirement. Plaintiffs opposed the motion on the ground that prior written notice was not required if defendant caused or created the condition and that triable questions of fact exist concerning

the condition. Supreme Court denied defendant's motion and this appeal ensued.

There should be an affirmance. The facts presented in the affidavits of Hugh T. McKee, City Engineer for the City of Cohoes, Alfred C. Saunders, plaintiffs' counsel, Lawrence Denue, sewer maintenance foreman for defendant's Department of Public Utilities, and Robert J. Canfield, a senior civil engineer for defendant's Department of Public Utilities, raise triable issues of fact, including the issue of whether defendant acted affirmatively in creating the defect, requiring a trial *(see, Bershaw v Altman,* 100 AD2d 642, 643; *Robinson v Strong Mem. Hosp.,* 98 AD2d 976). Here, as in *Klimek v Town of Ghent* (114 AD2d 614), both plaintiffs and defendant offer distinct grounds for the creation and cause of the defect in the catch basin. Affirmative acts on the part of defendant in the construction and maintenance of the catch basin are set forth *(see, Haviland v Smith,* 91 AD2d 764, 765). McKee's affidavit, if believed, connects the prior negligent repairs with the defect causing the accident *(see, Witte v Incorporated Vil. of Port Washington N.,* 114 AD2d 359). Plaintiffs have offered evidence of several triable issues of fact including that of an affirmative act which allegedly created the defect that caused plaintiff to fall, triggering the application of the exception to the prior written notice requirement *(see, Klimek v Town of Ghent, supra,* at 615). Plaintiffs also arguably raise an issue of whether a "special use" was made of the sidewalk by defendant by virtue of the existence of the catch basin cover in the sidewalk *(see, Filnso v City of Rochester,* 10 AD2d 663).

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.