■ CLAIRE FEINER et al., Appellants, v INCORPORATED VILLAGE OF FARMINGDALE, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated December 8, 1988, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

In this action brought against the Incorporated Village of Farmingdale (hereinafter the Village), the plaintiffs claim that they are exempt from the prior-written-notice-of-defect prerequisite to commencement of an action *(see,* Village Law § 6-628) since the Village committed acts of affirmative negligence.

While it is true that no prior notice of defect is necessary in the face of affirmative acts of negligence *(see, Parella v Levin,* 111 AD2d 750), under no view of the facts at bar could it be said that the painting and maintenance of lines by the Village on the roadway, demarcating parking spaces next to the allegedly defective curb, constituted an act of affirmative negligence obviating the need for prior written notice of the alleged dangerous condition of the curb. In the absence of the required prior written notice of defect, no civil action can be maintained against the Village for any injuries allegedly sustained by reason of the claimed curb defect *(see,* Village Law § 6-628; *Londino v Bank of N. Y.,* 132 AD2d 688). Therefore, summary judgment was properly granted in favor of the Village. Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.