■ THERESA A. DENNING, Respondent, v CITY OF POUGH-

KEEPSIE, Appellant.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered November 16, 1989 in Dutchess County, which denied defendant's motion for summary judgment dismissing the complaint.

The complaint in this action to recover damages for personal injuries alleges that on January 24, 1986 while crossing Market Street in front of lot No. 50 in the City of Poughkeepsie, Dutchess County, plaintiff tripped on a broken, uneven excavation patch and fell. Defendant moved for summary judgment dismissing the complaint on the ground that prior written notice of the alleged defective condition had not been served on it as required by its Charter Laws. Supreme Court ordered an evidentiary hearing on the limited issue of whether defendant created the claimed defective condition (CPLR 2218). After the hearing the court denied the motion, giving rise to this appeal by defendant.

The proof at the hearing showed that closed cuts for utility repairs in the asphalt pavement extending in front of both 50 and 52 Market Street existed and that closing and recovering openings was defendant's responsibility. Defendant's Assistant Superintendent of Public Works testified that the same crews which close utility openings also repair all potholes. Defendant's records show that a permit had been issued for a utility repair cut in front of 52 Market Street on October 27, 1982 and that defendant was solely responsible for both the opening and closing. Plaintiff alleges that this particular opening had been filled; that the patch had eroded and deteriorated; that repairs had been made by placing more blacktop around the edges; and that she tripped on the blacktop that had been added to the patch. Two public utilities and the owner of 50 Market Street were ruled out as responsible for the opening and closing of the subject cut and defendant's witness testified that openings by defendant were not always recorded. Based on this proof, Supreme Court concluded that the repair work around the patch had been undertaken by defendant and that plaintiff satisfied her burden of proving that defendant had created the condition, thereby excusing her compliance with the prior written notice requirement. We agree (see, Kiernan v Thompson, 73 NY2d 840, 842; Rehfuss v City of Albany, 118 AD2d 987).

Plaintiff demonstrated that the cause of her fall was a defect in the street created by defendant. Defendant has not made a showing that the patch was properly made or was

subject to a change due to deterioration caused by wear and tear, time and weather *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). These issues remain for resolution at trial. Accordingly, denial of summary judgment was proper.

Order affirmed, with costs. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.