■ MARY A. WEST, Respondent, v VILLAGE OF MAMARONECK, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, the defendant Village of Mamaroneck appeals from an order of the Supreme Court,

Westchester County (Wood, J.), entered November 17, 1989, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Village of Mamaroneck, and the action against the remaining defendant is severed.

In this negligence action, the plaintiff alleged that she sustained injuries when she tripped over a vine on a public sidewalk in the Village of Mamaroneck. The Village moved for summary judgment on the ground that the plaintiff failed to plead and prove that prior written notice was received by the Village or that the Village engaged in some affirmative tortious conduct so as to exempt the plaintiff from the requirement that she establish prior notice (see, Village Law § 6-628). In support of its summary judgment motion the Village submitted the affidavit of its Town Clerk which indicated that it had no record of any written notice with respect to the claimed defect.

In order to defeat the motion, it was incumbent upon the plaintiff to come forward with proof sufficient to create an issue of fact necessitating a trial. The plaintiff's conclusory allegation that the Village created the condition, made in the affirmation of its attorney who had no personal knowledge of the facts, was insufficient to defeat the Village's motion. Accordingly, the Village's motion is granted (see, Goldston v Town of Babylon, 145 AD2d 534; Englehardt v Town of Hempstead, 141 AD2d 601; Zigman v Town of Hempstead, 120 AD2d 520; Abbatecola v Town of Islip, 97 AD2d 780). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.