■ ROBERT TYSCHAK et al., Appellants, v INCORPORATED VILLAGE OF WESTBURY, Respondent. [597 NYS2d 474] —In a negligence action to recover damages for personal injuries,

etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Collins, J.), dated March 21, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the morning of October 24, 1987, the plaintiff Lucy Tyschak tripped and fell over a raised portion of sidewalk located in front of 57 Bedford Avenue in the Incorporated Village of Westbury. Mrs. Tyschak sustained a fractured wrist as a result of her fall, and she and her husband subsequently commenced this action against the defendant Village. The Village thereafter moved for summary judgment, contending that it had not received prior written notice of the allegedly defective condition of the sidewalk *(see,* Incorporated Vil. of Westbury Code, § 55-1; *see also,* Village Law § 6-628). The plaintiffs did not dispute that the Village had received no written notice of the alleged defect, but instead contended, in an affirmation by their attorney, that written notice was not required because the Village's attempts to repair the sidewalk had created the defective condition which caused the injured plaintiff's fall. The Supreme Court granted the Village's motion for summary judgment, and the plaintiffs now appeal.

The Supreme Court properly awarded summary judgment to the defendant Village. Pursuant to Village Law § 6-628 and the applicable local ordinance, prior written notice is a condition precedent to maintaining an action against the Village arising from a sidewalk defect *(see, Giganti v Town of Hempstead,* 186 AD2d 627). While "no prior [written] notice of defect is necessary in the face of affirmative acts of negligence" *(Feiner v Incorporated Vil. of Farmingdale,* 168 AD2d 418; *see also, Ferris v County of Suffolk,* 174 AD2d 70, 72; *Zinno v City of New York,* 160 AD2d 795), the plaintiffs' unsubstantiated allegation that the Village created the defective sidewalk condition, made in the affirmation of their attorney, who had no personal knowledge of the facts, was insufficient to defeat the Village's motion *(see, Dabbs v City of Peeksville,* 178 AD2d 577; *West v Village of Mamaroneck,* 172 AD2d 827; *Kaempf v Town of Hempstead,* 170 AD2d 652). In this regard, we note that while the plaintiffs produced invoices indicating that repair work had been performed to the sidewalk in front of 75 Bedford Avenue and 64 Bedford Avenue, the plaintiffs submitted no evidence to dispute the Village's claim that repair work had not been performed to the sidewalk abutting 57 Bedford Avenue, where the injured plain-

tiff's fall occurred. Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.