■ VERONICA DIORIO et al., Respondents, v TOWN OF ISLIP, Appellant, et al., Defendant. [601 NYS2d 23] —In an action to recover damages for personal injuries, etc., the defendant Town of Islip appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 7, 1991, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed, on the law, with costs, the motion by the defendant Town of Islip for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it is granted, and the action against the remaining defendant is severed.

The plaintiff Veronica Diorio allegedly tripped and fell over a portion of the sidewalk located in front of a specific address that had been raised by the roots of a nearby tree. After suit had been commenced and following the completion of discovery, the Town of Islip moved for summary judgment in its favor on the ground that it had not received prior written notice of the allegedly defective condition of the sidewalk *(see,* Town Law § 65-a). The Supreme Court denied the motion, finding that there were triable issues of fact as to whether the Town had actual notice of the defect. We disagree.

Concededly, the Town did not have prior written notice of the defective sidewalk, nor is there any evidence that the Town created the allegedly dangerous condition. In order to pursue the claim against the Town, the plaintiffs were obligated to come forth with evidence sufficient to raise a triable issue of fact as to whether the Town had constructive or actual knowledge of the defect *(see, Du Pont v Town of Horseheads,* 163 AD2d 643). This the plaintiffs failed to do. The mere fact that the Town had received complaints in the past concerning a defective portion of the sidewalk some 30 to 36 feet away from the spot where the injured plaintiff fell and had repaired those sections approximately two to three years prior to the accident is insufficient to charge the Town with either actual or constructive notice of the particular defect

alleged here *(see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670; *Michela v County of Nassau,* 176 AD2d 707; *Caliendo v Spero,* 156 AD2d 532; *Goldston v Town of Babylon,* 145 AD2d 534; *Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866). Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.