■ HOWARD STRAUSS, as Father and Natural Guardian of ERIC STRAUSS, an Infant, Respondent, v TOWN OF OYSTER BAY, Appellant, et al., Respondent. [607 NYS2d 730] —In a negligence action to recover damages for personal injuries, etc., the defendant Town of Oyster Bay appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated November 8, 1991, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims asserted against it.

Ordered that the order is reversed, on the law, with costs payable by the plaintiff-respondent to the appellant, the motion is granted, the complaint insofar as it is asserted against the Town of Oyster Bay and all cross claims asserted against it are dismissed, and the action is severed with respect to the remaining defendant.

This action was commenced to recover damages for injuries allegedly sustained by the infant plaintiff during a little league baseball game when his foot struck a depression in the playing field while he was sliding into home plate. The playing field is owned and maintained by the defendant Town of Oyster Bay. The Town moved for summary judgment dismissing the complaint and all cross claims against it on the grounds that it never received prior written notice of the purported defect and, in any event, that the infant plaintiff assumed the risk of injury by voluntarily engaging in the game. The Supreme Court denied the motion, reasoning that an issue of fact existed regarding whether the defect was created by the Town and was not assumed by the infant plaintiff. We reverse.

Pursuant to Town of Oyster Bay Code § 46 (1) (b), this action could not be maintained unless the Town received prior written notice of the alleged defect. It is undisputed that no such notice was received, and the Town made a prima facie showing of its entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851) by submitting evidence to this effect in affidavit form *(see generally, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d

917; *Zigman v Town of Hempstead*, 120 AD2d 520). The plaintiff failed to raise a genuine triable issue of fact with respect to the contention that the Town created or caused the alleged defect so as to obviate the requirement of prior written notice *(see generally, Gormley v County of Nassau*, 150 AD2d 342). Rather, their opposition papers were speculative and contained no actual evidence that the Town created or caused the condition *(see, e.g., Nahles v County of Nassau*, 180 AD2d 671; *Dabbs v City of Peekskill*, 178 AD2d 577; *West v Village of Mamaroneck*, 172 AD2d 827; *Palkovic v Town of Brookhaven*, 166 AD2d 566; *Pittel v Town of Hempstead*, 154 AD2d 581). Accordingly, the Town is entitled to summary judgment.

In any event, it is clear that the infant plaintiff, who had played little league baseball for several years and who voluntarily participated in the game, assumed the foreseeable risk that he might be injured by sliding upon the uneven terrain of the ballfield *(see, e.g., Turcotte v Fell*, 68 NY2d 432; *Melko v Town of Islip*, 172 AD2d 729; *Hoffman v City of New York*, 172 AD2d 716; *Checchi v Socorro*, 169 AD2d 807; *Robinson v Town of Babylon*, 166 AD2d 434). The Town discharged its duty of making the premises as safe as they appeared to be *(see, Pascucci v Town of Oyster Bay*, 186 AD2d 725; *Gallagher v Town of N. Hempstead*, 144 AD2d 637). Bracken, J. P., Sullivan, Rosenblatt and Copertino, JJ., concur.