■ FLORINDA MARONA et al., Appellants-Respondents, v INCORPORATED VILLAGE OF MAMARONECK, Respondent-Appellant. [609 NYS2d 938] —In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered May 20, 1992, as denied their cross motion for summary judgment dismissing the defendant's affirmative defense, and the defendant cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

On June 30, 1989, the plaintiff, Florinda Marona, allegedly tripped and fell while walking across a center island median separating two lanes of motor vehicle traffic on Phillip Park Road in the Village of Mamaroneck (hereinafter the Village). It is alleged that the median, which was part of the roadway owned by the Village, was in a defective condition because the concrete curb surrounding it had a one-inch gap all the way around where it was joined with the macadam. The plaintiff allegedly caught her high heel in this one-inch gap.

In its affirmative defense, the Village alleged lack of prior written notice as required by the Village Code. The Village then moved for summary judgment based on the undisputed fact that no prior written notice of the alleged defect was ever filed.

The plaintiffs opposed the motion and cross-moved for summary judgment seeking dismissal of the affirmative defense of lack of prior written notice. They argued that no prior written notice was required because the Village had created the dangerous condition, and because the Village derived a special benefit from revenues generated by parking meters installed around the center median. The Supreme Court denied the respective motions and we now affirm.

Compliance with local laws requiring prior written notice of a defect or dangerous condition on public ways is normally mandated in order to hold a municipal body liable for injuries to persons due to nonfeasance *(see, Bryant v City of Newburgh,* 193 AD2d 773). Exceptions to this requirement exist where the

municipality has acted affirmatively to create the dangerous condition *(see, Kiernan v Thompson,* 73 NY2d 840; *Denning v City of Poughkeepsie,* 172 AD2d 979), or where there was special use and special benefit derived by the municipality *(see, Ocasio v City of Middletown,* 148 AD2d 431).

We find that the evidence presented by the plaintiffs was sufficient to raise a triable issue of fact concerning whether the Village created the allegedly defective condition *(see, Denning v City of Poughkeepsie, supra).* However, we reject the plaintiffs' contention that the special use or special benefit exception can be applied under the facts of this case. Assuming, *arguendo,* that the Village derived a special benefit from revenues generated by the parking meters, there is no evidence establishing a nexus between the defective condition of the curb and the installation or maintenance of the meters *(see, Weiser v City of New York,* 5 AD2d 702, 703, *affd* 7 NY2d 811; *Deans v City of Buffalo,* 181 AD2d 1015; *Ocasio v City of Middletown, supra; Stapleton v City of Troy,* 144 AD2d 781).

Since a triable issue exists here concerning whether the Village affirmatively created the allegedly dangerous condition, the court properly denied summary judgment. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.