■ LINDA D. MISEK-FALKOFF et al., Appellants, v VILLAGE OF PLEASANTVILLE et al., Respondents. [615 NYS2d 422] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the

Supreme Court, Westchester County (Burrows, J.), entered June 30, 1992, as granted the motion of the defendant Village of Pleasantville for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) an order of the same court, entered December 15, 1992, which denied their motion, denominated a motion to renew and reargue the motion for summary judgment, but which was in actuality a motion for reargument.

Ordered that the order entered June 30, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order entered December 15, 1992, is dismissed; and it is further,

Ordered that the defendant Village of Pleasantville is awarded one bill of costs.

Village Law § 6-628 provides, in pertinent part, that in order to maintain an action against a village for injuries sustained as a consequence of a defective sidewalk, written notice of the defect must have been filed with the Village Clerk. In support of its motion for summary judgment, the Village submitted proof in evidentiary form establishing that the Village Clerk had not received such notice. The plaintiffs' claim that certain other municipal departments may have received notice of the defect was insufficient to defeat the Village's showing of lack of actual notice to the Village Clerk *(see, Conlon v Village of Pleasantville,* 146 AD2d 736). Nor did the plaintiffs succeed in raising a triable issue of fact, based upon submissions in evidentiary form, that the Village either affirmatively created the defect *(see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670), or had or should have had knowledge of the defective condition because it had either inspected the area or was performing work on it shortly before the accident, thereby rendering written notice unnecessary *(cf., Giganti v Town of Hempstead,* 186 AD2d 627; *Klimek v Town of Ghent,* 114 AD2d 614). Thus, the Supreme Court properly granted the municipal defendant's motion for summary judgment.

The plaintiffs failed to offer a valid excuse for not submitting the additional facts upon which the motion denominated as one to renew and reargue was based to the court in opposition to the original summary judgment motion *(see, Foley v Roche,* 68 AD2d 558). Thus, the motion was in actuality for reargument, the denial of which is not appealable *(see, King v Rockaway One Co.,* 202 AD2d 395; *Thrift Assns. Serv. Corp. v Legend of Irvington Joint Venture,* 152 AD2d 666, 668).

In any event, the plaintiffs' submission was not evidentiary in nature, but instead was based upon hearsay, and therefore was insufficient to defeat a motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562). Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.