■ MICHELLE V. BROWN, Plaintiff, v AMITYVILLE PLAZA ASSO-CIATES, Defendant and Third-Party Plaintiff-Respondent. VIL-LAGE OF AMITYVILLE, Third-Party Defendant-Appellant. [620 NYS2d 120] —In an action to recover damages for personal injuries, the third-party defendant Village of Amityville appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated May 12, 1993, as, upon reargument, adhered to the original determination in a prior order of the same court, dated October 26, 1992, which, in effect, denied the branch of the appellant's motion which was to dismiss the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and upon reargument, so much of the order dated October 26, 1992, as denied the branch of the appellant's motion which was to dismiss the third-party complaint is vacated, that branch of the motion is granted, and the third-party complaint is dismissed.

The plaintiff allegedly tripped over a raised sidewalk located in the Village of Amityville (hereinafter the Village) and commenced this action against the abutting landowner, Amityville Plaza Associates, which in turn, commenced a third-party action against the Village. The Village thereafter moved, *inter alia,* for dismissal of the third-party complaint on the ground that it had not received prior written notice of the sidewalk condition as required by Village Law § 6-628.

The Supreme Court denied the branch of the Village's motion which was to dismiss the third-party complaint. Upon reargument, the court adhered to its original determination. We reverse.

Village Law § 6-628 provides, *inter alia,* that in order to maintain an action against a village for injuries sustained as a consequence of a defective sidewalk, written notice of the defect must have been filed with the Village Clerk *(see, Misek-Falkoff v Village of Pleasantville,* 207 AD2d 332). Here, it is undisputed that the Village did not receive prior written notice of the sidewalk condition which allegedly caused the plaintiff's injury.

Moreover, while prior written notice is not required where the municipality is affirmatively negligent in creating the alleged condition *(see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917), there is nothing in the record establishing that the third-party defendant Village affirmatively created the alleged defect *(see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670, 671). Under these circumstances, the

third-party complaint must be dismissed *(see, Misek-Falkoff v Village of Pleasantville, supra; Tyschak v Incorporated Vil. of Westbury, supra).* Mangano, P. J., Thompson, Bracken and Altman, JJ., concur.