■ ROBERT STRAUSS et al., Appellants, v INCORPORATED VILLAGE OF OCEAN BEACH, Respondent, et al., Defendants. [624 NYS2d 940] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated October 26, 1993, which granted the motion of the defendant Incorporated Village of Ocean Beach for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

It is undisputed that the defendant Village did not receive prior written notice of the alleged defective walkway condition, as required pursuant to Village Law § 6-628 *(see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917). Since the plaintiffs failed to establish the existence of triable issues of fact with respect to their contention that the Village affirmatively created the alleged defect, the Supreme Court properly dismissed their complaint insofar as it is asserted

against the Village *(see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670; *West v Village of Mamaroneck,* 172 AD2d 827; *see also, Rogers v Town of Ramapo,* 211 AD2d 775). Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.