■ RUTH SLOAN, Respondent, v VILLAGE OF HEMPSTEAD, Appellant, et al., Respondent. [636 NYS2d 852] —In an action to recover damages for personal injuries, the defendant Village of Hempstead appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated December 21, 1994, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the cross claims asserted against the appellant are dismissed.

On October 28, 1991, the plaintiff tripped and fell on an allegedly dangerous public sidewalk in the Village of Hempstead. The plaintiff subsequently commenced this action against the Village and the abutting landowner. The Village

thereafter moved for summary judgment, contending that it had not received prior written notice of the allegedly defective condition as required by Village Law § 6-628. The plaintiff did not dispute that the Village had received no written notice of the alleged defect, but instead contended, in an affirmation by her attorney, that written notice was not required because the Village had created the defective condition by removing a nearby tree.

Summary judgment should have been awarded to the Village. Pursuant to Village Law § 6-628, prior written notice is a condition precedent to maintaining an action against the Village arising from a sidewalk defect (see, Tyschak v Incorporated Vil. of Westbury, 193 AD2d 670; Mollahan v Village of Port Washington, N., 153 AD2d 881). While no prior written notice of defect is necessary where there is an affirmative act of negligence (see, Marona v Incorporated Vil. of Mamaroneck, 203 AD2d 337; Tyschak v Incorporated Vil. of Westbury, supra), the plaintiff's unsubstantiated allegation that the Village created the defective condition, made in the affirmation of her attorney, who had no personal knowledge of the facts, was insufficient to defeat the Village's motion (see, Tyschak v Incorporated Vil. of Westbury, supra; Dabbs v City of Peekskill, 178 AD2d 577; West v Village of Mamaroneck, 172 AD2d 827). Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.