(April 22, 1996)

JEFFREY BROWN, Appellant, v JOHN J. WRIGHT et al., Respondents. [641 NYS2d 125] —In an action to recover damages

for employment discrimination pursuant to Executive Law article 15, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered April 7, 1995, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Executive Law § 297 (9) provides that a person who has filed an administrative complaint regarding discrimination is thereby deprived of his judicial "cause of action". However, the statute further provides for an exception to the mutually exclusive nature of the elective remedy when a complaint is dismissed by the State Division of Human Rights for "administrative convenience" (Executive Law § 297 [9]; *see, Emil v Dewey,* 49 NY2d 968). The record indicates that the plaintiff's administrative complaint was voluntarily withdrawn, and there is no indication that this was done for administrative convenience *(see, Emil v Dewey, supra).*

Moreover, since the Supreme Court was deprived of its subject matter jurisdiction to consider the plaintiff's cause of action when the plaintiff commenced the administrative action against the corporate defendant, the plaintiff could not commence an action in the court, arising out of the same facts, against an additional defendant who was not named in the administrative complaint *(see, Moodie v Federal Reserve Bank,* 58 F3d 879; *see also, Horowitz v Aetna Life Ins.,* 148 AD2d 584, 585). Therefore, the instant complaint against all of the defendants was properly dismissed. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.