■ JOHN J. CANNON et al., Respondents, v INCORPORATED VILLAGE OF LINDENHURST, Appellant, et al., Defendant. [641 NYS2d 728] —In an action to recover damages for personal injuries, the defendant Incorporated Village of Lindenhurst appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated November 4, 1994, which denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it based on the plaintiffs' failure to comply with Village Law § 6-628.

Ordered that the order is reversed, on the law, with costs, the cross motion of the defendant Incorporated Village of Lindenhurst for summary judgment dismissing the complaint insofar as asserted against it is granted, and the action against the remaining defendant is severed.

The plaintiffs were injured when their car went over a raised grate on South Wellwood Avenue, located in the Incorporated Village of Lindenhurst (hereinafter the Village). The plaintiffs commenced an action against the Village. After joinder of issue, the Village moved to dismiss the complaint insofar as asserted against it, on the ground that it had not received prior written notice of the defective street condition as required by Village Law § 6-628.

The Supreme Court denied the Village's cross motion to dismiss the complaint insofar as it is asserted against it. We reverse.

Village Law § 6-628 provides, *inter alia,* that in order to maintain an action against a Village for injuries sustained as a consequence of a defective street, written notice of the defect must have been filed with the Village Clerk *(see, Misek-Falkoff v Village of Pleasantville,* 207 AD2d 332). Here, it is undisputed that the Village did not receive prior written notice of the street condition which allegedly caused the plaintiffs' injuries.

Moreover, while prior written notice is not required where the municipality is affirmatively negligent in creating the alleged condition *(see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917), there is nothing in the record establishing

that the Village affirmatively created the alleged defect (*see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670, 671). Nor is there probative evidence in the record that the Village "inspected or [was] performing work upon the subject area shortly before the accident" (*Klimek v Town of Ghent,* 114 AD2d 614, 615; *cf., Giganti v Town of Hempstead,* 186 AD2d 627). Under these circumstances, the complaint must be dismissed (*see, Misek-Falkoff v Village of Pleasantville, supra; Tyschak v Incorporated Vil. of Westbury, supra; Brown v Amityville Plaza Assocs.,* 210 AD2d 368). Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.