■ ANNA DAMANTE et al., Respondents, v TOWN OF HEMPSTEAD, Appellant, et al., Defendant. [642 NYS2d 332] —In an action to recover damages for personal injuries, etc., the defendant Town of Hempstead appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered March 2, 1995, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Town of Hempstead, and the action against the remaining defendant is severed.

On September 13, 1993, the injured plaintiff tripped and fell

over a five to seven inch deep hole located in front of 364 Roxbury Road South in Garden City, New York. Following the accident, the injured plaintiff and her husband commenced this personal injury action against the Town of Hempstead and the County of Nassau. The Town subsequently moved for summary judgment contending that it never received prior written notice of the allegedly defective condition in front of 364 Roxbury Road South as required by the Code of the Town of Hempstead (*see,* Code of the Town of Hempstead, ch 6, § 6-1). The Supreme Court denied the motion, however, finding that there were issues of fact as to whether two prior complaints from Town residents satisfied the notice requirement.

On appeal, the Town contends that the Supreme Court erred in denying its motion for summary judgment because both of the prior complaints regarding Roxbury Road South were made more than three years prior to the accident, and neither complaint was sufficiently specific to alert the Town to the allegedly defective condition which caused the injured plaintiff's fall. We agree. Although the Town received two complaints in early 1990 which referred generally to the fact that the roads in Garden City South were bumpy and had potholes, and that curbing in the vicinity of the accident site was deteriorating, these complaints were insufficient to alert the Town to the five to seven inch deep hole located in front of 364 Roxbury Road South, which may not have existed at the time the complaints were lodged (*see, Curci v City of New York,* 209 AD2d 574; *see also, Diorio v Town of Islip,* 196 AD2d 477; *Michela v County of Nassau,* 176 AD2d 707). Moreover, the record is devoid of any evidence that the Town either affirmatively created the defect or had constructive knowledge of the defective condition because it had inspected the area or performed repair work on it shortly before the accident, thereby rendering written notice unnecessary (*see, Misek-Falkoff v Village of Pleasantville,* 207 AD2d 332; *Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670). Accordingly, the Town's motion for summary judgment should be granted. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.