■ EVELYN NONNON et al., Respondents, v TOWN OF EAST HAMPTON, Appellant, et al., Defendants. [656 NYS2d 657] —In an action to recover damages for personal injuries etc., the defendant Town of East Hampton appeals (1) from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 17, 1996, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) as limited by its brief, from so much of an order of the same court, dated July 22, 1996, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered April 17, 1996, is dismissed, as that order was superseded by the order dated July 22, 1996, made upon reargument; and it is further,

Ordered that the order dated July 22, 1996, is reversed insofar as appealed from, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Town of East Hampton, the action against the remaining defendants is severed, and the order entered April 17, 1996, is amended accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff Evelyn Nonnon was allegedly injured after tripping and falling on a depression in a sidewalk located in the Town of East Hampton (hereinafter the Town). The Town moved for summary judgment on the ground that it had not received prior written notice of the defective sidewalk as required by Town Law § 65-a (2). The Supreme Court denied the motion, finding that a question of fact existed as to whether the Town had notice of the defect because it inspected or performed work in the vicinity shortly before the accident *(see, Giganti v Town of Hempstead,* 186 AD2d 627).

Once the Town made a prima facie showing that it received no prior written notification of the defective sidewalk, it was incumbent on the plaintiff to produce evidence tending to show that the written notice requirement was excused because the Town had knowledge of the defect either through inspecting or

performing work on the site *(see, Ferris v County of Suffolk,* 174 AD2d 70). The proof, however, did not reveal that the Town had previously inspected or performed work at the site. That the Town performed work 200 feet away from the subject sidewalk three months before the accident was insufficient to charge the Town with notice of the defect *(see, Diorio v Town of Islip,* 196 AD2d 477; *Jackson v City of Mount Vernon,* 213 AD2d 892). Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.