■ MARY D. HIRSCH, Respondent, v MORGAN STANLEY & CO., INC., et al., Appellants. [657 NYS2d 448] —In an action, *inter alia,* to recover damages for sexual harassment and discrimination, (1) the defendant Morgan Stanley & Co., Inc. appeals from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated May 28, 1996, as granted those branches of the plaintiff's motion which were to dismiss its third and eighth affirmative defenses and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Philip A. Lacovara separately appeals from so much of the same order as granted those branches of the plaintiff's motion which were to dismiss his fifth and seventh affirmative defenses and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, those branches of the plaintiff's motion which were to dismiss the third, fifth, seventh, and eighth affirmative defenses are denied, the cross motions are granted, and the complaint is dismissed.

Executive Law § 297 (9) provides that a person who has filed an administrative complaint regarding discrimination is thereby deprived of her judicial "cause of action" (*Brown v Wright,* 226 AD2d 570). However, the statute provides for an exception where the complaint is filed with the Equal Employment Opportunity Commission (hereinafter the EEOC) and is then referred by the EEOC to the New York State Division of Human Rights (hereinafter the NYSDHR) (*see,* Executive Law § 297 [9]; *Polakoff v St. Lawrence Univ.,* 1996 WL 481552 [ND NY, Aug. 19, 1996]). "The clear intent of that [provision] was to preserve the complainant's right to sue in court even though the complaint had been filed with NYSDHR by the EEOC" (*Polakoff v St. Lawrence Univ., supra*).

In support of their cross motions for summary judgment dismissing the complaint pursuant to Executive Law § 297 (9), the defendants submitted a Determination and Order After Investigation from the NYSDHR dated November 8, 1995, which stated in pertinent part: "On November 06, 1992, [the plaintiff] MARY HIRSCH filed a verified complaint with the [NYSDHR] charging [the defendant Morgan Stanley & Co., Inc.] with an unlawful discriminatory practice relating to Employment, because of Sex in violation of the Human Rights Law of the State of New York."

Thus, the defendants demonstrated a prima facie showing of entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562), on the ground that the plaintiff elected to pursue an administrative remedy by filing a complaint with the NYSDHR. The burden then shifted to the plaintiff, as the opponent of the cross motions for summary judgment, to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact (*see, Pierson v Good Samaritan Hosp.,* 208 AD2d 513) as to whether the complaint was referred to the NYSDHR by the EEOC or whether she filed it directly with the NYSDHR. The plaintiff failed to meet her burden. She submitted only an attorney's affirmation that was not based upon personal knowledge of facts stated therein. Such an affirmation was without probative value or evidentiary significance (*see, Zuckerman v City of New York, supra,* at 563; *Sloan v Village of Hempstead,* 223 AD2d 632, 633; *Jabs v Jabs,* 221 AD2d 704). Therefore, the instant complaint against both defendants should have been dismissed.

Contrary to the plaintiff's contention in opposition to the cross motions, since the Supreme Court was deprived of its subject matter jurisdiction to consider her cause of action when she commenced the administrative action against the corporate defendant, she could not commence an action in the court, arising out of the same facts, against an additional defendant who was not named in the administrative complaint or referred to in the administrative determination (cf., *Brown v Wright, supra*).

In light of our determination, the appellants' remaining contentions are academic. Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.