■ ELAYNE BROOKS, Respondent, v VILLAGE OF BABYLON, Appellant. [674 NYS2d 726] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated September 25, 1997, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

The plaintiff commenced this action against the defendant, Village of Babylon, to recover damages for injuries allegedly sustained when she tripped over a portion of concrete sidewalk which had been raised by tree roots. The Village sought summary judgment on the ground that it did not have prior written notice of the alleged defect (see, Village Law § 6-628). The plaintiff opposed the cross motion, inter alia, on the ground that the Village created the allegedly defective condition by an affirmative act of negligence.

The Supreme Court erred in denying the Village's cross motion for summary judgment. The Village established a prima facie case that it did not have prior written notice of the alleged defect, which is a condition precedent to maintaining an action against the Village arising from a sidewalk defect (see, Village Law § 6-628; Sloan v Village of Hempstead, 223 AD2d 632; Tyschak v Incorporated Vil. of Westbury, 193 AD2d 670; Mollahan v Village of Port Washington N., 153 AD2d 881). "While no prior written notice of defect is necessary where there is an affirmative act of negligence (see, Marona v Incorporated Vil. of Mamaroneck, 203 AD2d 337; Tyschak v Incorporated Vil. of Westbury, supra), the plaintiff's unsubstantiated allegation that the Village created the defective condition, made in the affirmation of her attorney, who had no personal knowledge of the facts, was insufficient to defeat" the Village's cross motion (Sloan v Village of Hempstead, supra, at 633). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.