ZELL & ETTINGER et al., Respondents, v MENASHE BERGLAS, Appellant, et al., Defendants. [690 NYS2d 721] —In an action to recover damages for conversion and unjust enrichment, the defendant Menashe Berglas appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated April 24, 1998, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiffs commenced the instant action against the defendant Menashe Berglas to recover damages for the misappropriation of funds by his wife, the defendant Gittel Berglas. Menashe sought summary judgment on the ground that he neither knew of nor benefited from his wife's misappropriation of her employer's funds. The plaintiffs opposed the motion, *inter alia,* on the ground that the defendants Gittel and Menashe shared the joint bank account in which the misappropriated funds were deposited.

The Supreme Court erred in denying Menashe's motion for summary judgment. Menashe established that he did not exercise dominion or control over the misappropriated funds, and there was no showing that he obtained any benefit that in equity and good conscience he should not have obtained (*see, Bugarsky v Marcantonio,* 254 AD2d 384; *Aetna Cas. & Sur. Co.*

*v Glass,* 75 AD2d 786; *Mente v Wenzel,* 178 AD2d 705). The plaintiffs did not show that any of the stolen funds were traceable to the defendant Menashe and the plaintiffs' unsubstantiated allegations that Menashe benefited from and had knowledge of his wife's theft, made in the affirmation of their attorney, who had no personal knowledge of the facts, was insufficient to defeat Menashe's motion (*see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670; *Dabbs v City of Peekskill,* 178 AD2d 577; *West v Village of Mamaroneck,* 172 AD2d 827). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.