■ DOROTHY OVISINAK et al., Appellants, v TOWN OF SOUTHOLD, Respondent. [715 NYS2d 884] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 12, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly awarded summary judgment to the defendant. Pursuant to Town Law § 65-a (2), prior written notice is a condition precedent to maintaining an action against the defendant arising from a sidewalk defect (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Sloan v Village of Hempstead,* 223 AD2d 632; *Strauss v Town of Oyster Bay,* 201 AD2d 553; *West v Village of Mamaroneck,* 172 AD2d 827). In moving for summary judgment, the defendant met its initial burden of demonstrating that it had not received prior written notice of the alleged sidewalk defect. In opposition, the plaintiffs failed to raise a triable issue of fact with respect to their contention

that written notice was not required because the defendant created the alleged defect by negligently constructing the sidewalk (*see, Amabile v City of Buffalo, supra; Sloan v Village of Hempstead, supra; Strauss v Town of Oyster Bay, supra; Gormley v County of Nassau,* 150 AD2d 342). The plaintiffs' unsubstantiated allegation that the defendant negligently constructed the sidewalk, made in the affirmation of their attorney, who had no personal knowledge of the facts, was insufficient to defeat the defendant's motion (*see, Cattani v Incorporated Vil. of Ocean Beach,* 252 AD2d 533; *Brooks v Village of Babylon,* 251 AD2d 526; *Hirsch v Morgan Stanley & Co.,* 239 AD2d 466). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.