OPINION OF THE COURT
Joseph J. Maltese, J.
This Court holds that the plaintiffs action for a real estate broker’s commission was not discharged by the defendant’s *43 bankruptcy. The burden of proving that the plaintiff creditor had notice or actual knowledge of a bankruptcy proceeding is upon the defendant debtor.
Facts
In May of 1993, the plaintiff who is a real estate broker procured 680 Cinema Corp. as a tenant for a 10-year lease for a movie theater for the codefendant Four Bridges Development Corporation (FBDC), who was the net lessee of the Four Bridges South Shopping Plaza owned by the codefendant Bern Realty, Inc. (Bern). This action for the broker’s commission was commenced in August 1993 against FBDC. On March 7, 1997, 680 Cinema Corp. and Bern executed an “Extension and Modification of Lease” which provided, inter alia, that the lease between FBDC and 680 Cinema Corp. was terminated, and that FBDC’s rights and obligations under the lease have been assigned to and assumed by Bern.
After the assignment from FBDC to Bern and upon learning that FBDC and Bern shared common stockholders, plaintiff sought an order to amend its complaint to include Bern as an additional party defendant. That order was granted by Justice Frank V. Ponterio, on January 19, 1999.
Bern maintains that it never entered into any contract with plaintiff for the payment of a real estate commission and, even assuming that Bern was the assignor or “alter ego” of FBDC, any debts owed by Bern have been discharged in bankruptcy. Bern contends that since the plaintiff’s claim arose in 1993, when plaintiff allegedly procured a tenant for Bern’s property, any debt based on this claim was extinguished by the Bankruptcy Court’s order confirming the Sixth Amended Plan of Reorganization under chapter 11 of the Bankruptcy Code (11 USC). The order confirming the plan discharged the debtor (Bern) from any and all claims that accrued on or before February 4, 1997 and created a permanent injunction barring any attempts to collect such debts prior to that date against Bern.
Discussion
Bankruptcy Code § 1141 (d) (1) (A) (i) provides that confirmation of a chapter 11 reorganization plan “discharges the debtor from any debt that arose before the date of such confirmation * * * whether or not * * * proof of the claim based on such debt is filed.” Exceptions to this general rule are set forth in section 523 of the Bankruptcy Code. This section provides, inter alia, that a debt is not dischargeable if the debtor’s fail *44 ure to list or schedule the debt precludes “timely filing of a proof of claim and timely request for a determination of dischargeability of such debt * * * unless such creditor had notice or actual knowledge of the case in time for such timely filing and request” (11 USC § 523 [a] [3] [B] [emphasis supplied]). Otherwise, objections to dischargeability must generally be brought before the designated claim bar date (11 USC § 523 [c] [1]; Fed Rules Bankr Pro rule 4007).
In this case, plaintiff concedes that it did not file a proof of claim in Bern’s bankruptcy proceeding. However, Bern does not dispute that no formal notice of its bankruptcy proceeding was ever given to this plaintiff. Instead, Bern relies upon Bankruptcy Code § 523 (a) (3) (B) and case law to support its position that, even if plaintiff lacked formal notice, it is “actual knowledge” of the pending bankruptcy ease that bars it from objecting to the dischargeability of its claim for broker’s fees. To establish that plaintiff had “actual knowledge,” Bern relies upon the plaintiff’s admission, in answers to defendant’s interrogatories, that the plaintiff had been informed by Bruce Silverstein, the vice-president of 680 Cinema Corp., that Bern “had gone bankrupt” after procurement of the original lease.
Additionally, Bern submits copies of certain letters to plaintiff’s counsel, dated March 12 and 13, 1997, making reference to a receiver’s report and the Bern bankruptcy, which had been finalized one month earlier on February 4, 1997. This evidence, however, is legally insufficient to establish that plaintiff had “actual knowledge,” prior to the Bankruptcy Court’s confirmation of the reorganization plan, that Bern may have been FBDC’s “alter ego” and, as such, that it could be liable to plaintiff for its broker’s commission. Bern, as the proponent of summary judgment, has failed to make a “prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hasp., 68 NY2d 320, 324 [1986]); therefore, summary judgment must be denied.
In this regard, the Court would note that plaintiff does not dispute having knowledge of Bern’s pending bankruptcy, but maintains that it had no reason to believe that Bern had any liability to plaintiff for its broker’s commission prior to March 7, 1997, when the lease modification was executed. The plaintiff’s assertion to this effect is without probative value inasmuch as it is contained solely in the unsubstantiated allegations of plaintiffs counsel as incorporated in his supporting affirmation and memorandum of law (see, Zuckerman v City of *45 New York, 49 NY2d 557, 563 [1980]; cf., Hirsch v Morgan Stanley & Co., 239 AD2d 466, 467 [2d Dept 1997])..Bern’s failure to make a prima facie showing of its entitlement to judgment as a matter of law requires denial of the motion, notwithstanding any insufficiency in plaintiffs opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Of even greater significance is Bern’s misplaced reliance on section 523 (a) (3) of the Bankruptcy Code which places a burden of inquiry upon a creditor who acquires “actual knowledge” of a bankruptcy proceeding. The cases upon which defendant purports to rely in support of its argument that section 523 applies in the instant matter are each factually distinguishable inasmuch as each involves an individual rather than a corporate debtor. In re Medaglia (52 F3d 451, 457 [2d Cir 1995]) lists the various differences between “individual debtor liquidation” and “corporate reorganization” to explain the disparate treatment. It has regularly been held that section 523 (a) (3) applies only in the case of individual debtors (see, Matter of Compton, 891 F2d 1180, 1184, n 7 [5th Cir 1990]). Moreover, a corporate debtor is not an individual debtor for purposes of section 523* (see, In re Spring Val. Farms, 863 F2d 832, 834 [11th Cir 1989] [which holds that 11 USC § 1141 does not discharge the debt of a creditor who was known to a corporate debtor and failed to receive notice of the bar date for filing a proof of claim, even if the creditor had actual knowledge of the general existence of the bankruptcy proceeding (Fed Rules Bankr Pro, rule 2002 [a] [8])]; see also, Adam Glass Serv. v Federated Dept. Stores, 173 Bankr 840, 842 [ED NY 1994]).
Consequently, a creditor’s general knowledge that a chapter 11 bankruptcy proceeding is going forward does not obviate the need for notice (In re Maya Constr. Co., 78 F3d 1395, 1399 [9th Cir 1996], cert denied Levin v Maya Constr. Co, 519 US 862 *46 [1996] [which held in a case involving a corporate debtor, that “(t)he burden is on the debtor to cause formal notice to be given; the creditor who is not given notice, even if he has actual knowledge of reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings”]).
In the instant matter, it is undisputed that the defendant Bern is a corporate debtor. As such, plaintiffs actual knowledge or burden of inquiry under section 523 (a) (3) (B) of the Bankruptcy Code is irrelevant. Furthermore, even if plaintiff was aware of the bankruptcy, due process considerations place the burden on Bern, as the debtor, to give its known creditors actual notice of any claim bar dates (City of New York v New York, New Haven & Hartford, R. R. Co., 344 US 293 [1953]; In re Brunswick Hasp. Ctr., 1997 WL 836684, 1997 Bankr LEXIS 2184 [Bankr Ct, ED NY, Sept. 12, 1997]; In re Interstate Cigar Co., 150 Bankr 305 [ED NY 1993]; Acevedo v Van Dorn Plastic Mach. Co., 68 Bankr 495 [ED NY 1986]). For these additional reasons, Bern’s motion for summary judgment must be denied.
Bern’s argument that the complaint must be dismissed because the Bankruptcy Court has retained jurisdiction to hear and determine any disputes relating to claims against Bern and/or to enforce the permanent injunction lacks merit. Article 6 of the Sixth Amended Plan of Reorganization provides that the Bankruptcy Court shall retain jurisdiction over all matters arising under, arising in, or relating to the bankruptcy case. Plaintiff’s claims against Bern admittedly were neither included in the bankruptcy proceeding nor discharged therein, the provision pertaining to the Bankruptcy Court’s retention of jurisdiction is, by its own terms, inapplicable here under the extension and modification agreement.
Lastly, Bern assumed an obligation of the lease agreement which was signed on March 7, 1997, one month after the bankruptcy order discharged their creditors. By assuming the rights and duties under the predecessor lease, they may have obligated themselves to pay the outstanding brokerage commission of the plaintiff. The plaintiff has argued that this was no “arm’s length” transaction between Bern and FBBC. The owners of both corporations are alleged to be the same individuals, who may have “unclean hands.” The plaintiff contends the extension and modification agreement were conveniently made one month after the bankruptcy discharge, as merely a mechanism to defeat the plaintiffs action for the real estate brokerage commission. That is the ultimate issue to be determined at trial.
*47 Accordingly, it is hereby ordered that the application of defendant Bern Realty, Inc. for summary judgment dismissing the complaint against it is denied.

 Section 523 of the Bankruptcy Code provides, in pertinent part, as follows:
“(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt * * *
“(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit * * *
“(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request” (emphasis supplied).