■ Luis M. Ravina, Appellant, v Incorporated Town of Greenburgh, Respondent, et al., Defendant. [775 NYS2d 164]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered April 10, 2003, which granted the motion of the defendant Incorporated Town of Greenburgh for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant Incorporated Town of Greenburgh to recover damages for injuries he sustained in an automobile accident allegedly caused by snow and ice that had frozen on a road owned and maintained

by the Town. The Town moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not have prior written notice of the allegedly dangerous condition as required by Town Law § 65-a. The plaintiff opposed the motion on the ground that the Town created the allegedly dangerous condition by an affirmative act of negligence.

The Supreme Court correctly granted the Town's motion for summary judgment. The Town established, prima facie, that it did not receive prior written notice of the alleged condition, a prerequisite for maintaining an action against it arising from a snow or ice condition on its roadways (*see* Town Law § 65-a; *Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *Brooks v Village of Babylon,* 251 AD2d 526 [1998]; *Sloan v Village of Hempstead,* 223 AD2d 632 [1996]; *see also* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). While notice would not have been required if the Town created the condition though an affirmative act of negligence (*see Amabile v City of Buffalo, supra* at 474; *Mayer v Town of Brookhaven,* 266 AD2d 360, 361 [1999]), the evidence submitted by the plaintiff in opposition to the establishment of a prima facie case for summary judgment failed to raise a triable issue of fact as to whether the ice on which the plaintiff's vehicle allegedly slid and spun was formed when piles of snow created by the Town during a prior storm melted and refroze (*cf. Grillo v Brooklyn Hosp.,* 280 AD2d 452 [2001]; *Grizzaffi v Paparodero Holding Corp.,* 261 AD2d 437 [1999]; *Roca v Gerardi,* 243 AD2d 616 [1997]). Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.