■ MICHELE GITLIN, Appellant, v ERIC J. CASSELL, Defendant, and JANE SCHICK, Respondent. — Order, Supreme Court, New York County (Kenneth Shorter, J.), entered November 28, 1983, which in a medical malpractice action granted the motion of defendant Dr. Jane Schick for summary judgment dismissing the complaint as to her, reversed, on the law, without costs, the motion for summary judgment is denied, and the complaint is reinstated.

In 1964 the plaintiff, then 22 years old, began treatment for various medical problems with an internist, codefendant Dr. Cassell, who at that time began prescribing birth control pills for her. In 1973 Dr. Cassell learned that plaintiff, who had a history of psychiatric problems, had attempted suicide for the second time, and he referred plaintiff to a psychiatrist, defendant-respondent Dr. Schick, for treatment of those problems. Dr. Schick's treatment included, in addition to psychotherapy, prescriptions for Valium and antidepressants. During plaintiff's treatment by Dr. Schick, her medical condition was being followed by Dr. Cassell.

In 1974, Dr. Schick learned that plaintiff, a cigarette smoker, had been taking birth control pills for a long period of time, and on one or more occasions gave plaintiff one-month prescriptions for Ortho-Novum (which she had been taking since 1973) when Dr. Cassell was on vacation. In 1975 plaintiff began experiencing headaches and these increased in severity through early 1976. Plaintiff testified at deposition that she had complained to Dr. Schick about these worsening headaches and that Dr. Schick had told her "they were work related. That this new job that I had was causing the headaches."

On March 29, 1976 plaintiff suffered a thrombosis of the left middle cerebral artery, a stroke. Dr. Schick continued to treat plaintiff until July, 1978, and during this period the supportive and counseling therapy related in large measure to the psychological effects of the stroke. On October 25, 1979 plaintiff commenced a medical malpractice action against Dr. Cassell and Dr. Schick alleging, *inter alia,* negligence in failing to recognize a dangerous sign and symptom cluster, viz., the long-term use of birth control pills, cigarette smoking, and the onset of a new and severe headache pattern.

In opposition to Dr. Schick's motion for summary judgment, plaintiff submitted numerous published warnings contained in the then-current medical literature regarding the high risk of thrombotic stroke associated with the use of oral contraceptives, a risk which was recognized to be further increased by smoking. The onset or aggravation of headache of a new pattern which is recurrent, persistent or severe was highlighted as a warning signal to immediately discontinue use of oral contraceptives. Plaintiff also submitted an affidavit from a board-certified psychiatrist concluding that Dr. Schick's failure to take an accurate medication history, and failure to connect her patient's smoking, 10-year history of taking birth control pills and the onset of headaches, contributed to plaintiff's chances of suffering a stroke, and was not in accordance with standards of care and treatment generally accepted in the community.

The aforesaid evidence is sufficient to raise an issue of fact regarding Dr. Schick's responsibility toward her patient, in answer to the contentions raised in defendant's summary judgment motion that Dr. Schick was responsible only for her patient's psychiatric treatment, and that Dr. Cassell was solely responsible for the plaintiff's "medical" treatment, including monitoring any symptoms associated with her use of the oral contraceptives that he had prescribed over a long period of time. We conclude on the basis of the record before us that the extent of Dr. Schick's responsibility in this case is a factual issue that must await resolution at trial.

We reject also Dr. Schick's contention that the three-year Statute of Limitations effective as to malpractice occurring before July 1, 1974 (CPLR 214) or the 2½-year Statute of Limitations for malpractice occurring after that date (CPLR 214-a) bars plaintiff's action because the action accrued on the date of ingestion of the drug. (Cf. *Fleishman v Lilly & Co.*, 62 NY2d 888.) However, the one or possibly two one-month prescriptions written by Dr. Schick in 1974 and 1975 are not realistically alleged to have caused plaintiff's stroke, but rather the doctor's alleged failure to recognize and warn plaintiff of the danger signals associated with her long-term oral contraceptive use, cigarette smoking and onset of headaches. Dr. Schick is alleged to have been responsible for recognizing and warning her patient of this danger even though her interest centered primarily on plaintiff's psychiatric problems.

The law is clear that the Statute of Limitations is tolled during a plaintiff's continuous treatment "for the same or related illnesses or injuries". (*Borgia v City of New York,* 12 NY2d 151, 157; *Chilan v City of New York,* 87 AD2d 568.) In *Fonda v*

*Paulsen* (46 AD2d 540, 544), the court, in seeking to extract the meaning of "continuous treatment", focused on the rationale underlying *Borgia,* and it is simply that " 'it would be absurd to require a wronged patient to interrupt corrective efforts by serving a summons on the physician or hospital superintendent' ". In the case at bar, it is clear that Dr. Schick was treating plaintiff for, among other things, the psychological effects of the stroke up until the termination of her treatment in July, 1978. Thus the rationale of *Borgia* is applicable to toll the running of the Statute of Limitations until Dr. Schick's treatment of plaintiff ended.

It is not irrelevant to observe that in Dr. Schick's treatment records for the period January to June, 1977 is a notation that plaintiff had reported that she was considering bringing suit against Dr. Cassell. "I told her that I did not believe that she had a valid claim against him, and that it would only alienate him."

Defendant's motion for summary judgment is denied, and the complaint as against Dr. Schick is reinstated. Concur — Sandler, J. P., Sullivan, Carro and Milonas, JJ.