■ LORRAINE WITT et al., Respondents-Appellants, v JACK G. AGIN et al., Defendants, and H. GHADIMI et al., Appellants,

and PRESBYTERIAN HOSPITAL, Respondent.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 14, 1984, which, in a medical malpractice action, denied defendants-appellants' motions for summary judgment, and granted defendant Presbyterian Hospital's cross motion for summary judgment dismissing the complaint as to it, unanimously modified, on the law and on the facts, to the extent of granting defendants-appellants Ellenville Community Hospital and Drs. Henry Schneer and John Barrios' motions for summary judgment dismissing the complaint and cross claims as against them, and otherwise affirmed, without costs.

Plaintiff Lorraine Witt commenced this action, joined by her husband, who sues for loss of consortium, against 11 physicians and two hospitals. The complaint indiscriminately charges all defendants who rendered medical services to her in some capacity with malpractice in failing to diagnose a growing nonmalignant brain tumor over a two-year period. The tumor was eventually diagnosed in September 1979 and successfully removed. Plaintiffs claim that Mrs. Witts' symptoms of dizziness, tremors and drooping of the mouth were reported to or observed by defendants. Defendants deny that they observed any sign of neurological deficit, and have cross-claimed against one another seeking contribution.

Various defendants moved and cross-moved for summary judgment. In opposition to these motions, plaintiffs submitted their own affidavits and the affirmations of Dr. Milford Blackwell and Dr. Michael Schneck. The two-paragraph affirmation of Dr. Schneck stated, based upon his review of the facts and plaintiffs' moving papers in the case, that the failure of defendant Dr. Henry Schneer to do a workup, in his opinion, to a reasonable degree of medical certainty, departed from standards of generally accepted care and treatment in the community. Dr. Blackwell's affirmation was identical to Dr. Schneck's except that it named all the other defendants. Special Term granted the Presbyterian Hospital's motion, but denied the rest. Defendants appealed and plaintiffs cross-appealed.

We modify Special Term's order to the extent of granting summary judgment to defendants Drs. Schneer and Barrios and Ellenville Community Hospital, as discussed below, seriatim. Defendant Schneer is a psychiatrist who saw Mrs. Witt on seven occasions between April 17 and June 15, 1979. He moved for summary judgment on the grounds that he properly, reasonably and adequately treated Mrs. Witt for her emotional and psychological problems, and that given her

simultaneous care by other doctors for her physiological ailments, there was nothing he failed to do. Plaintiffs submitted the affirmation of Dr. Schneck in opposition to Schneer's motion for summary judgment. Schneck's bare, conclusory assertion that Schneer departed from acceptable psychiatric practice in failing to direct a full medical workup fails to establish a meritorious cause of action. (*Cf. Winegrad v New York Univ. Med. Center,* 64 NY2d 851 [1985].)

Schneer's notes reflect that the emphasis of their sessions was her emotional state, and that defendant Dr. Roginsky, not a party to this appeal, who referred Mrs. Witt to him, had prescribed medication for her physical complaints. Mrs. Witt admitted at her examination before trial that she discussed her emotional, not physical, problems with Dr. Schneer, was taking medication when she began seeing Dr. Schneer, and could not recall asking Dr. Schneer for medication. (*Compare, Gitlin v Cassell,* 107 AD2d 636 [1st Dept 1985].) Since Dr. Schneer's treatment of Mrs. Witt was of short duration, only for emotional problems, while, to his knowledge, she was under the care of other doctors for her physical condition, there is clearly no malpractice on his part which could be a proximate cause of her condition.

Defendant Dr. Barrios examined Mrs. Witt on October 7, 1978 when, while she was vacationing at a hotel in the Catskills, she suffered a dizzy spell and was taken to the emergency room of defendant Ellenville Community Hospital. Plaintiffs claim that they reported some of the symptoms of neurological deficit to Dr. Barrios. He checked her blood pressure, eyes, ears, lungs and vital signs and found them normal. He testified at his examination before trial that the patient advised him that she suffered hypertension, and had seen her doctor, Dr. H. Ghadimi, two days earlier. Dr. Barrios advised her to rest, reduce her blood-pressure medication to once daily, and consult her regular doctor, which she did two days later.

Defendants', Dr. Barrios and Ellenville Community Hospital, tenuous connection with Mrs. Witt in no way contributed to her condition, since she was under the continuous care of other doctors. (*See, Gibbons v Hantman,* 58 AD2d 108 [2d Dept 1977], *affd* 43 NY2d 941 [1978].) Considering the limitations inherent in the circumstances of the treatment, it would have been illogical for Dr. Barrios to direct a full neurological workup at Ellenville. Dr. Blackwell's conclusory affidavit to the contrary is insufficient to defeat these defendants' motions for summary judgment.

However, such is not the case for defendants Dr. H. Ghadimi, a metabolic disease specialist and Dr. Harvey Etess, an internist who treated Mrs. Witt on four occasions in October 1978 and between November 2, 1978 and May 16, 1979, respectively. The evidence in the record supports plaintiffs' claim that Mrs. Witt exhibited symptoms of brain disorder while under their care. Dr. Blackwell's affidavit is sufficient, albeit barely, to raise triable issues of fact as to whether they were remiss in failing to direct a neurological workup.

Finally, plaintiffs have cross-appealed from that portion of the order granting the Presbyterian Hospital's cross motion for summary judgment. We agree with Special Term that the Presbyterian Hospital is not at fault here, as a matter of law. Mrs. Witt was admitted to the hospital on May 9th, as the private patient of Dr. Joseph O'Brien. The responsibility for failure to conduct her electroencephalogram (EEG) at that time in accord with Dr. O'Brien's instructions lies not with the hospital staff, but with Dr. O'Brien himself. He admitted in his examination before trial that when he discharged Mrs. Witt on May 11th, he knew the EEG had not yet been performed. His admission note and discharge summary indicate his decision, on the basis of other test results, that the EEG, which he could have had done thereafter on an outpatient basis, was unnecessary. (*Compare, Collins v New York Hosp.,* 49 NY2d 965 [1980].) Concur—Sandler, J. P., Carro, Bloom and Rosenberger, JJ.