■ CHERYL L. WINJE, an Infant, by Her Parents and Natural Guardians, SUSAN WINJE et al., Respondents, v UPJOHN Co. et al., Defendants, and WILLIAM REDFIELD, Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed against defendant Redfield. Memorandum: Defendant Redfield contends that Supreme Court erred in denying his motion for summary judgment. We agree. In support of his motion Dr. Redfield

submitted evidence that his treatment of plaintiff Susan Winje was limited and that his first contact was on April 7, 1985. After a gynecological examination, Dr. Redfield directed that plaintiff mother have a pregnancy test. After receiving a positive test result, Dr. Redfield directed on April 17th that Delalutin be given to plaintiff Susan Winje during the course of her pregnancy to prevent premature labor. Plaintiffs concede that Delalutin did not cause infant plaintiff's birth defects. Further, the medical records establish that Dr. Redfield did not prescribe Provera or Premarin, the alleged cause of the birth defects, to Susan Winje, and that those drugs were prescribed and ingested prior to his initial contact with her. Defendant Redfield tendered sufficient evidence in support of his motion for summary judgment to show his entitlement to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562; Alvarez v Prospect Hosp., 68 NY2d 320, 324). It then became plaintiffs' burden to provide evidentiary proof to establish that a triable issue of fact existed to defeat defendant Redfield's summary judgment motion (see, Alvarez v Prospect Hosp., supra). Since plaintiffs failed to submit any evidence in admissible form to indicate that defendant Redfield departed from the acceptable standard of care in the medical community in his treatment of Susan Winje, they have failed to meet that burden. Plaintiffs' counsel's conclusory and unsubstantiated allegations that defendant Redfield committed malpractice by failing to advise Susan Winje or warn the other defendant doctors that their prior prescription of Provera and Premarin was inappropriate is insufficient to defeat Dr. Redfield's summary judgment motion (see, Alvarez v Prospect Hosp., supra; Witt v Agin, 112 AD2d 64, affd 67 NY2d 919; Fileccia v Massapequa Gen. Hosp., 63 NY2d 639). Further, Dr. Redfield's position as a shareholder in a professional corporation does not cause him to be vicariously liable for the malpractice of other doctors in the corporation (see, Hill v St. Clare's Hosp., 67 NY2d 72, 79; Pellegrino v Millard Fillmore Hosp., 140 AD2d 954, 955). (Appeal from order of Supreme Court, Onondaga County, Miller, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.