■ GERALDINE PIERSON et al., Appellants, v GOOD SAMARITAN HOSPITAL et al., Defendants, and RAMAPO RADIOLOGY ASSOCIATES, Respondent. [616 NYS2d 815] —In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated February 26, 1993, which granted the motion of the defendant Ramapo Radiology Associates for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this medical malpractice action against the defendant Ramapo Radiology Associates (hereinafter Ramapo) alleging that Ramapo members failed to properly interpret the plaintiff's x-rays. In support of its summary judgment motion, the defendant Ramapo submitted an affidavit by Dr. Joel Canter, a Board certified radiologist, in which he stated that he had reviewed the plaintiff's medical records and x-rays and determined that the radiological studies were properly taken, interpreted and reported by the various members of the defendant Ramapo. The court properly concluded that this affidavit was adequate to establish, prima facie, that the radiological studies were properly performed and interpreted *(see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

Once the movant demonstrates a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action *(see, Zuckerman v City of New York,* 49

NY2d 557, 562; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324, *supra).* In a medical malpractice action, a plaintiff, in opposition to a defendant physician's summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he was not negligent in treating the plaintiff so as to demonstrate the existence of a triable issue of fact *(see, Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639). At bar, in opposition to Ramapo's summary judgment motion, the plaintiffs' attorney submitted an affirmation containing conclusory allegations which simply repeated the allegations contained in the complaint. Accordingly, because the attorney's affirmation did not present any evidentiary facts "tending to establish the essential elements of medical malpractice" *(Alvarez v Prospect Hosp., supra,* at 325), the court properly granted Ramapo's motion for summary judgment. Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.