■ MICHELE MACKEY, Individually and as Administratrix of the Estate of ANDREW J. MACKEY, Deceased, Respondent, v KISHOR R. SANGANI et al., Defendants, and STEVE DEVLIN, Appellant. [661 NYS2d 124] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Steve Devlin dismissed. Memorandum: When plaintiff's decedent commenced treatment with Steve Devlin (defen-

dant), a chiropractor, decedent filled out and signed a patient case history form in which he represented that he was not taking medication. Defendant's treatment of decedent lasted about one year and was limited to the chiropractic adjustment of decedent's spine. About one year after terminating treatment, decedent died of a polysubstance overdose. Thereafter, plaintiff commenced this action against defendant and decedent's other health care providers. In her complaint and bill of particulars, plaintiff alleges that defendant was negligent in failing to elicit a proper medical history from decedent; in failing to diagnose and treat decedent's chemical dependency; and in failing to refer him to an appropriate medical specialist or substance abuse treatment center. Supreme Court should have granted the motion of defendant for summary judgment dismissing the complaint against him.

Defendant met his burden of submitting evidentiary proof in admissible form establishing that his treatment of decedent met the standards of good and accepted chiropractic care (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 325; *Zuckerman v State of New York*, 49 NY2d 557, 562; see also, *Napierski v Finn*, 229 AD2d 869). It is undisputed that decedent in his case history denied taking medication and that defendant neither could legally prescribe medication to decedent (see, Education Law § 6551 [3]), nor did prescribe medication to him. Although defendant's affidavit, in which defendant avers that his treatment of decedent did not deviate from acceptable chiropractic practice, is self-serving, it is sufficient together with the undisputed evidence regarding defendant's limited treatment of decedent to shift the burden to plaintiff to come forward with evidence sufficient to raise an issue of fact (cf., *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). Further, defendant had no duty to monitor medication taken by decedent that he may have obtained from other sources, especially in light of the fact that decedent's death did not occur until one year after defendant stopped treating decedent. Plaintiff's submission in response, consisting only of an attorney's conclusory affidavit, failed to raise a triable issue of fact (see, *Winje v Upjohn Co.*, 156 AD2d 987, 988; see generally, *Witt v Agin*, 112 AD2d 64, *affd* 67 NY2d 919).

We reject the contention of plaintiff that the motion for summary judgment is premature because defendant has not yet been deposed. "Mere hope that somehow the plaintiff will uncover evidence that will prove a case provides no basis pursuant to CPLR 3212 (f) for postponing a determination of a summary judgment motion" (*Plotkin v Franklin*, 179 AD2d

746; *see, Home Sav. Bank v Arthurkill Assocs.*, 173 AD2d 776, 777, *lv dismissed* 78 NY2d 1071). (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.