■ ANTHONY J. WIANDS, Appellant, v ALBANY MEDICAL CENTER et al., Respondents. [816 NYS2d 162]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Duchess County (Pagones, J.), dated June 1, 2005, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is denied, and the complaint is reinstated.

On or about November 7, 2001 the plaintiff was involved in an accident while riding an all-terrain vehicle. From November 8, 2001 through November 13, 2001, he was treated at the defendant Albany Medical Center (hereinafter AMC) by the defendant Dr. Richard L. Uhl during which time he underwent surgical procedures for injuries to his right leg and left elbow. On November 13, 2001 the plaintiff was transferred to Northern Dutchess Hospital to continue his convalescence. On March 1, 2002 the plaintiff sought medical treatment from Dr. Edward J. Kirby for continued problems with his elbow and leg. Dr. Kirby examined the plaintiff and X rays revealed certain problems resulting from the prior surgical procedures performed at AMC. The plaintiff remained under Dr. Kirby's care from March 1, 2002 through the time of the instant motion, during which time Dr. Kirby performed several surgical procedures on his elbow and leg to alleviate some of the residual problems.

The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that the defendants negligently and improperly inserted certain fixation devices in treating his injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We reverse.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (see Anderson v Lamaute, 306 AD2d 232, 233 [2003]; DiMitri v Monsouri, 302 AD2d 420, 421 [2003]; Holbrook v United Hosp. Med. Ctr., 248 AD2d 358, 359 [1998]). The defendants made a prima facie showing of entitlement to summary judgment dismissing the complaint based upon the sworn affidavit of Dr. Uhl who opined that the defendants did not deviate from good and accepted medical practice in the care and treatment of the plaintiff (see Holbrook v United Hosp. Med.

*Ctr., supra; see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In his affidavit, Dr. Uhl averred, inter alia, that the fixation devices used to stabilize the plaintiff's various fractures were correctly sized, and appropriately and correctly implanted.

In opposition, however, the plaintiff raised a triable issue of fact through the sworn affidavit and medical report incorporated by reference therein of Dr. Kirby (*see Feinberg v Feit*, 23 AD3d 517, 519 [2005]; *Halkias v Otolaryngology-Facial Plastic Surgery Assoc.*, 282 AD2d 650, 651 [2001]; *see generally Alvarez v Prospect Hosp., supra* at 324). Dr. Kirby, relying upon his own examination and treatment of the plaintiff, and X rays taken upon the plaintiff's initial consultation with him only 3¹/₂ months after the plaintiff was released from the defendants' care, opined in his affidavit that the defendants departed from good and accepted standards of medical care in their treatment of the plaintiff. Dr. Kirby asserted that such departures from care, as were evidenced by the X rays taken of the plaintiff, included the improper placement of the intramedullary nail in the right tibia and allowing that nail to protrude into the soft tissues, and failing to adequately anatomically align the large coronoid process fragment of the left elbow. Dr. Kirby further opined that these departures resulted in revision surgery to the right tibia and left elbow and comparatively greater post-surgical arthritis. Contrary to the defendants' contention, Dr. Kirby's affidavit was neither conclusory nor speculative, as he established the elements of a medical malpractice claim by specific factual references to the care and treatment of the plaintiff (*see Feinberg v Feit, supra; cf. Wilson v Buffa*, 294 AD2d 357, 358 [2002]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.