■ Georgios Efstathiou et al., Appellants, v Cuzco, LLC, et al., Respondents. (And a Third-Party Action.) [858 NYS2d 712]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Agate, J.), dated December 12, 2006, as denied those branches of their motion which were (a) to vacate a prior order of the same court dated August 15, 2006, entered upon their default in opposing the prior motion of the defendants Cuzco, LLC, Mill Road Cleaners, Serota Mill Road, LLC, and Park Kim Enterprises for summary judgment dismissing the complaint insofar as asserted against those defendants, and (b) for leave to amend the complaint to add a cause of action pursuant to Labor Law § 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to vacate the order dated August 15, 2006, entered upon their default in opposing the prior motion of the defendants Cuzco, LLC, Mill Road Cleaners, Serota Mill Road, LLC, and Park Kim Enterprises for summary judgment, and substituting therefor provisions granting that branch of the motion, vacating the order dated August 15, 2006, and, upon vacatur, denying the prior motion of those defendants for summary judgment; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The injured plaintiff was hired as a day laborer to assist in the temporary removal and reinstallation of a 12-by-6 foot storefront glass panel window in a dry cleaning establishment to facilitate the replacement of a dry cleaning machine. After the glass panel had been removed and the old dry cleaning machine was removed and replaced with the new one, the plaintiff, with the assistance of others, was reinstalling the glass panel when it broke, causing him to sustain injuries. The injured plaintiff and his wife brought this action against, among others, the owner of the dry cleaning establishment and the lessor of the premises where it was located.

The motion of the defendants Cuzco, LLC, Mill Road Cleaners, Serota Mill Road, LLC, and Park Kim Enterprises (hereinafter the moving defendants) for summary judgment dismissing

the complaint insofar as asserted against them was granted without opposition, after the plaintiffs' request for a third adjournment, made on the return date of the motion, was denied. Thereafter, the plaintiffs moved, inter alia, to vacate their default, asserting, as a reasonable excuse, that their expert, a glazier, had been unavailable to sign an affidavit by the return date, and relying upon the affidavit of that expert to establish that the plaintiffs had a meritorious claim. The plaintiffs also sought permission to amend the complaint to add a cause of action pursuant to Labor Law § 241 (6). The Supreme Court denied that branch of the plaintiffs' motion which was to vacate the default, finding that they failed to establish the reliability of the opinion of their expert, and that, therefore, they failed to establish the merit of their claim as stated, or of the proposed additional Labor Law § 241 (6) claim. We modify.

The plaintiffs established a reasonable excuse for the default in failing to initially submit opposition to the motion, based on their need for an additional, short adjournment to obtain the signature of their expert, who was, apparently, unavailable. In addition, the plaintiffs established the existence of a meritorious claim with the affidavit of their expert. We reject the Supreme Court's finding that the plaintiffs failed to establish that their expert was qualified to offer his opinion that the glass panel in question shattered because it did not contain any safety glazing material. The expert stated in his affidavit that he has been a glazier for 20 years, and is familiar with the laws, rules, regulations, and accepted customs and practices in the field of glass installation and replacement. The expert's real-world knowledge and experience as a glazier is adequate to support an assumption that his opinion is reliable (*see Price v New York City Hous. Auth.,* 92 NY2d 553 [1998]). As such, the plaintiffs' default in failing to submit opposition to the motion on the return date should have been excused, and the motion decided on the merits or lack thereof (*see Paige v New York City Tr. Auth.,* 5 AD3d 577 [2004]).

Affording the plaintiffs the benefit of every favorable inference, the affidavit of their expert was sufficient to raise a triable issue of fact, in response to the moving defendants' prima facie showing of entitlement to judgment as a matter of law, and therefore we reverse the award of summary judgment to those defendants (*see Tate v Freeport Union School Dist.,* 7 AD3d 695 [2004]).

We agree, however, with the Supreme Court's denial of that branch of the plaintiffs' motion which was for leave to amend the complaint to add a cause of action pursuant to Labor Law

§ 241 (6). While leave to serve an amended complaint is to be liberally granted (*see Ganci v Suffolk County Police Dept.,* 285 AD2d 580 [2001]; CPLR 3025 [b]), a palpably meritless amendment will not be permitted (*see Lucido v Mancuso,* 49 AD3d 220 [2008]). Here, since the work in which the injured plaintiff was involved cannot be deemed to be construction, excavation, or demolition work, the injured plaintiff was not engaged in an activity covered by Labor Law § 241 (6) (*see Vilardi v Berley,* 201 AD2d 641 [1994]). Further, and in any event, a plaintiff asserting a Labor Law § 241 (6) cause of action must allege a violation of a specific and concrete provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Samuel v A.T.P. Dev. Corp.,* 276 AD2d 685, 686 [2000]). Here, the plaintiffs failed to assert an applicable provision of the Industrial Code. Accordingly, the plaintiffs' proposed Labor Law § 241 (6) cause of action is palpably without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.