■ TARA COLAO, Respondent-Appellant, v ST. VINCENT's MEDICAL CENTER, Now Known as ST. VINCENT's CATHOLIC MEDICAL CENTER OF NEW YORK, et al., Appellants, and STANLEY STOS et al., Respondents. [885 NYS2d 306]—

In an action to recover damages for medical malpractice, the defendant St. Vincent's Medical Center, now known as St. Vincent's Catholic Medical Center of New York, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated February 11, 2008, as amended March 25, 2008, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant George Kuczabski separately appeals, as limited by his brief, from so much of the same order as denied his separate motion for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff appeals, as limited by her brief, from so much of the same order as granted the separate motions of the defendant Stanley Stos and the defendant Phyllis Gelb for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the separate motions of the defendant Stanley Stos and the defendant Phyllis Gelb for summary judgment dismissing the complaint insofar as asserted against each of them and substituting therefor provisions denying those motions; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants.

The Supreme Court properly denied the motion of the defendant George Kuczabski for summary judgment dismissing the complaint insofar as asserted against him. In response to his prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]), the plaintiff submitted proof in admissible form establishing the existence of material issues of fact as to whether Dr. Kuczabski's alleged failure to properly diagnose and treat the plaintiff at the hospital after her accident contributed to her injury (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Contrary to Dr. Kuczabski's contentions, the New York State Department of Health "Statement of Deficiencies" submitted by the plaintiff is admissible evidence under Public Health Law § 10 (2) (see Maldonado v Cotter, 256 AD2d 1073 [1998]).

The Supreme Court properly denied the motion of the defendant St. Vincent's Medical Center, now known as St. Vincent's Catholic Medical Center of New York (hereinafter St. Vincent's) for summary judgment dismissing the complaint insofar as asserted against it. In response to St. Vincent's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether the misreading of the plaintiff's X rays by St. Vincent's employees affected the subsequent treatment of her cervical spine injury. Where the parties offer conflicting expert opinions, issues of credibility arise requiring jury resolution (see Dandrea v Hertz, 23 AD3d 332 [2005]).

The Supreme Court should have denied the motion of the defendant Stanley Stos for summary judgment dismissing the complaint insofar as asserted against him. Dr. Stos's affidavit, while self-serving, established his entitlement to judgment as a matter of law (see Mackey v Sangani, 238 AD2d 919 [1997]). In response, the plaintiff raised a triable issue of fact as to whether Dr. Stos performed contraindicated chiropractic treatment which contributed to her injury (see Pierson v Good Samaritan Hosp., 208 AD2d 513 [1994]). Dr. Stos's expert's affidavit, submitted with his reply papers, served only to raise additional triable issues of fact regarding the propriety of Dr. Stos's treatment (see Shields v Baktidy, 11 AD3d 671 [2004]).

The Supreme Court should have denied the motion of the defendant Phyllis Gelb for summary judgment dismissing the complaint insofar as asserted against her. While Dr. Gelb established her entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether Dr. Gelb recommended contraindicated chiropractic treatment, and recommended continued treatment even after the plaintiff's neurologist, after reviewing a CT scan, indicated that treatment should be discontinued (*see Gargiulo v Geiss*, 40 AD3d 811 [2007]). Spolzino, J.P., Santucci, Florio and Lott, JJ., concur.