JOSEPHINE MARTIN, Respondent, v "JOHN" SIEGENFELD et al., Defendants, and CLIFFORD GOLDSTEIN et al., Appellants. [894 NYS2d 115]—

In an action to recover damages for medical malpractice, the defendants Clifford Goldstein, Jay Gendal, and Jonathan S. Kusnitz appeal (1) from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 6, 2008, and (2), as limited by their brief, from so much of an amended order of the same court dated June 6, 2008, as granted that branch of the plaintiff's motion which was, in effect, to vacate an order of the same court dated September 24, 2007, granting their motion for summary judgment dismissing the complaint insofar as asserted against them upon the plaintiff's default in opposing their motion, and, in effect, upon vacatur, denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order dated March 6, 2008, is dismissed, as that order was superseded by the amended order dated June 6, 2008; it is further,

Ordered that the order dated June 6, 2008, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, to vacate so much of the order dated September 24, 2007, as granted that branch of the motion of the defendants Clifford Goldstein, Jay Gendal, and Jonathan S. Kusnitz which was for summary judgment dismissing the complaint insofar as asserted against the defendants Jonathan

S. Kusnitz and Jay Gendal, and, in effect, upon vacatur, denying that branch of their motion, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order dated June 6, 2008, is affirmed insofar as appealed from, without costs or disbursements, and the order dated March 6, 2008, is modified accordingly.

This action was initiated to recover damages for medical malpractice alleged to have occurred in relation to medical care provided to the plaintiff in connection with her pregnancy and the birth of her child. After discovery, the defendant doctors Clifford Goldstein, Jay Gendal, and Jonathan S. Kusnitz (hereinafter the appellants) moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff did not submit timely opposition, and her attorney's request for an adjournment was denied. In an order dated September 24, 2007 (hereinafter the September 24th order), the Supreme Court granted the appellants' motion as unopposed. The plaintiff subsequently moved, inter alia, in effect, to vacate the September 24th order and, upon vacatur, deny the appellants' motion. The Supreme Court granted this branch of the plaintiff's motion in two orders dated March 6, 2008, and June 6, 2008, respectively. On appeal, the appellants argue, inter alia, that the September 24th order should not have been vacated because the plaintiff failed to present a meritorious opposition to their motion.

To vacate the September 24th order, the plaintiff was required to demonstrate both a reasonable excuse for her default and a meritorious opposition to the appellants' motion (*see Rubinfeld v County of Suffolk*, 54 AD3d 1016 [2008]; *Joseph v GMAC Leasing Corp.*, 44 AD3d 905 [2007]; *St. Rose v McMorrow*, 43 AD3d 1146 [2007]). The plaintiff established law office failure as a reasonable excuse for her default, based upon the need for a short adjournment to prepare opposition to the appellants' motion and the request therefor (*see Efstathiou v Cuzco, LLC*, 51 AD3d 712 [2008]).

The plaintiff also established a meritorious opposition to the appellants' motion with respect to Dr. Goldstein (*see Efstathiou v Cuzco, LLC*, 51 AD3d 712 [2008]). "The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]; *see Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563 [2009]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]).

"On a motion for summary judgment, a defendant doctor has

the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Rebozo v Wilen*, 41 AD3d at 458). "In opposition, the plaintiff must submit a physician's affidavit attesting to the defendant's departure from accepted practice, which departure was a competent producing cause of the injury" (*id.* at 458). Where the parties offer conflicting expert opinions, issues of credibility arise requiring jury resolution (*see Colao v St. Vincent's Med. Ctr.*, 65 AD3d 660 [2009]; *Feinberg v Feit*, 23 AD3d 517 [2005]). Mere conclusory assertions in a physician's affidavit submitted in opposition, however, are insufficient (*see Dunn v Khan*, 62 AD3d 828 [2009]).

In response to the appellants' prima facie showing of their entitlement to judgment as a matter of law by their submission of, inter alia, a physician's affirmation (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Roca v Perel*, 51 AD3d 757 [2008]), the plaintiff submitted, among other things, an opposing physician's affirmation. With the submission of this opposing affirmation, the plaintiff established a meritorious opposition to the appellants' motion with respect to Dr. Goldstein (*see Efstathiou v Cuzco, LLC*, 51 AD3d 712 [2008]) because the affirmation raised triable issues of fact with respect to Dr. Goldstein (*see Wiands v Albany Med. Ctr.*, 29 AD3d 982 [2006]).

Contrary to the appellants' contention, the assertions in the plaintiff's expert affirmation with respect to Dr. Goldstein were not conclusory, and raised triable issues of fact regarding whether that doctor departed from the relevant standards of care and whether his treatment of the plaintiff was a proximate cause of the plaintiff's injury (*see Wiands v Albany Med. Ctr.*, 29 AD3d 982 [2006]). The opinion of the plaintiff's expert conflicted with the opinion of the appellants' expert on key issues relating to Dr. Goldstein's treatment of the plaintiff, such as whether improper force was placed upon the plaintiff during her labor and whether a cesarean section should have been performed.

The plaintiff failed, however, to establish a meritorious defense to the motion with respect to Dr. Kusnitz or Dr. Gendal (*see Rubinfeld v County of Suffolk*, 54 AD3d 1016 [2008]). The affirmation of the plaintiff's expert failed to raise a triable issue of fact with respect to either of these defendants (*see Dunn v Khan*, 62 AD3d 828 [2009]). The assertions in this affirmation with respect to Dr. Gendal and Dr. Kusnitz were merely conclusory (*see Dunn v Khan*, 62 AD3d 828 [2009]).

Thus, the September 24th order was properly vacated with respect to Dr. Goldstein, but should not have been vacated with respect to Dr. Kusnitz or Dr. Gendal. Upon vacatur, the Supreme

Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against Dr. Goldstein.

The appellants' remaining contentions either are without merit or have been rendered academic. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.