In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated March 30, 2012, as granted the motion of the defendants NYU Medical Center and NYU School of Medicine for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants NYU Medical Center and NYU School of Medicine for summary judgment dismissing the complaint insofar as asserted against them is denied.
On March 30, 2007, Alex Koehne died at Stony Brook Hospital. Although bacterial cultures of Koehne’s cerebral spinal fluid were found to be negative, the doctors at Stony Brook Hospital diagnosed his cause of death as bacterial meningitis. Koehne’s parents requested that their son’s organs be donated, and his liver was transplanted into the plaintiff’s decedent at NYU Medical Center.
A month after his death, an autopsy revealed that Koehne had actually died as a result of T-cell lymphoma. The plaintiff s decedent contracted the cancer and died as a result. The plaintiff commenced this action to recover damages for medical malpractice and wrongful death.
The Supreme Court should have denied the motion of the defendants NYU Medical Center and NYU School of Medicine (hereinafter together the NYU defendants) for summary judgment dismissing the complaint insofar as asserted against them. *946 Through the affidavit of their expert, the NYU defendants established, prima facie, that the NYU defendants did not depart from accepted standards of care by relying on the diagnosis of the doctors at Stony Brook Hospital that Koehne died from bacterial meningitis and accepting his liver for transplant (see Pinto v Putnam Hosp. Ctr., Inc., 107 AD3d 869, 869-870 [2013]; Wexelbaum v Jean, 80 AD3d 756, 757 [2011]; Roca v Perel, 51 AD3d 757, 758-759 [2008]). In opposition, however, the plaintiff submitted affidavits from their medical experts, which raised a triable issue of fact as to whether the NYU defendants departed from accepted standards of medical practice when they accepted an organ for transplant from a donor whose symptoms, as reflected in information given to the NYU defendants, were inconsistent with bacterial meningitis. “Where the parties offer conflicting expert opinions, issues of credibility arise requiring jury resolution” (Martin v Siegenfeld, 70 AD3d 786, 788 [2010]; see Colao v St. Vincent’s Med. Ctr., 65 AD3d 660 [2009]; Feinberg v Feit, 23 AD3d 517, 519 [2005]). Further, the NYU defendants failed to establish, prima facie, that the alleged departure was not a proximate cause of the plaintiffs decedent’s injuries (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315 [1980]; Fahey v A.O. Smith Corp., 77 AD3d 612, 616 [2010]). Mastro, J.E, Lott, Sgroi and LaSalle, JJ., concur. [Prior Case History: 2012 NY Slip Op 30880(U).]