In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated March 30, 2012, as granted the motion of the defendants Thomas Diflo, NYU Hospitals Center, and New York Transplant Surgery, EC., for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Thomas Diflo, NYU Hospitals Center, and New York Transplant Surgery, EC., for summary judgment dismissing the complaint insofar as asserted against them is denied.
On March 30, 2007, Alex Koehne died at Stony Brook Hospital. Although bacterial cultures of Koehne’s cerebral spinal fluid were found to be negative, the doctors at Stony Brook Hospital diagnosed his cause of death as bacterial meningitis. Koehne’s parents requested that their son’s organs be donated, and one of his kidneys was transplanted into the plaintiff Gerardo Trueba at NYU Medical Center.
A month after Koehne’s death, an autopsy revealed that he had actually died as a result of T-cell lymphoma. Following this revelation, Trueba had the kidney removed and underwent *949 chemotherapy. Trueba, and his wife suing derivatively, commenced this action to recover damages for medical malpractice.
The Supreme Court should have denied the motion of the defendants Thomas Diño, NYU Hospitals Center, and New York Transplant Surgery, EC. (hereinafter collectively the NYU defendants), for summary judgment dismissing the complaint insofar as asserted against them. Through the affidavit of their expert, the NYU defendants established, prima facie, that they did not depart from accepted standards of care by relying on the diagnosis of the doctors at Stony Brook Hospital that Koehne died from bacterial meningitis and accepting his kidney for transplant (see Pinto v Putnam Hosp. Ctr., Inc., 107 AD3d 869, 869-870 [2013]; Wexelbaum v Jean, 80 AD3d 756, 757 [2011]; Roca v Perel, 51 AD3d 757, 758-759 [2008]). In opposition, however, the plaintiffs submitted affidavits from their medical experts which raised a triable issue of fact as to whether the NYU defendants departed from accepted standards of medical practice when they accepted an organ for transplant from a donor whose symptoms, as reflected in information given to the NYU defendants, were inconsistent with bacterial meningitis. “Where the parties offer conflicting expert opinions, issues of credibility arise requiring jury resolution” (Martin v Siegenfeld, 70 AD3d 786, 788 [2010]; see Colao v St. Vincent’s Med. Ctr., 65 AD3d 660 [2009]; Feinberg v Feit, 23 AD3d 517, 519 [2005]). Further, the NYU defendants failed to establish, prima facie, that the alleged departure was not a proximate cause of Trueba’s injuries (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315 [1980]; Fahey v A.O. Smith Corp., 77 AD3d 612, 616 [2010]). Mastro, J.E, Lott, Sgroi and LaSalle, JJ., concur. [Prior Case History: 2012 NY Slip Op 30883(U).]