MARGARET PETRIK, Appellant, v ELZBIETA PILAT et al., Respondents. [989 NYS2d 348]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated March 5, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice, and (2) so much of a judgment of the same court dated May 9, 2013, as, upon the order, is in favor of the

defendants and against her, dismissing the cause of action alleging medical malpractice.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice is denied, and the order dated March 5, 2013, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff's decedent, who had a long history of asthma, arrived at the emergency room of the defendant Staten Island University Hospital on August 25, 2009, at approximately 1:15 p.m., complaining of an asthma attack. She was treated in the emergency room by the defendant physician Elzbieta Pilat. The decedent was discharged from the emergency department at approximately 6:15 p.m., and died in her home less than 10 hours later.

The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice. Through the affirmation of their expert, the defendants established, prima facie, that they did not depart from any accepted standard of care in their treatment of the decedent (*see Castelli v Westchester County Health Care Corp.*, 116 AD3d 898, 899 [2014]; *Bey v Neuman*, 100 AD3d 581, 582 [2012]). In opposition, however, the plaintiff submitted an affirmation from an expert which raised a triable issue of fact as to whether the defendants departed from accepted standards of care by failing to obtain a complete medical history and failing to measure the decedent's peak expiratory flows (*see Martin v Siegenfeld*, 70 AD3d 786, 788 [2010]; *Colao v St. Vincent's Med. Ctr.*, 65 AD3d 660 [2009]; *Feinberg v Feit*, 23 AD3d 517, 519 [2005]). Further, the defendants failed to establish, prima facie, that the alleged departure was not a proximate cause of the decedent's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315 [1980]; *Kelly v Fenton*, 116 AD3d 923, 924 [2014]; *Stukas v Streiter*, 83 AD3d 18, 25-26 [2011]). Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.