■ Gordon Gannon et al., Appellants, v Todd Sadeghian et al., Defendants, and Ross M. Baigent, Respondent. [57 NYS3d 252]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered October 1, 2015. The order and judgment, insofar as appealed from, granted that part of the motion of defendant Ross M. Baigent for summary judgment dismissing plaintiffs' causes of action against him for breach of contract and tortious interference with contract, denied that part of the cross motion of plaintiffs for summary judgment against defendant Ross M. Baigent and denied as moot that part of the cross motion of plaintiffs to preclude defendant Ross M. Baigent from offering any evidence at trial.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this breach of contract action, plaintiffs appeal from those parts of an order and judgment that granted that part of the motion of defendant Ross M. Baigent seeking summary judgment dismissing the causes of action for breach of contract and tortious interference with contract against him; denied that part of plaintiffs' cross motion seeking summary judgment on the complaint against Baigent; and denied as moot that part of plaintiffs' cross motion seeking to preclude Baigent from offering evidence at trial on the ground that Baigent failed to comply with discovery demands. We note at the outset that plaintiffs have abandoned any contention that Supreme Court erred in dismissing the cause of action for tortious interference with a contract against Baigent by failing to

address it in their brief (see *Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]).

Plaintiffs, Baigent, and defendants Rory O'Connor and Hugh Collins, now deceased, were founding members of Cataclean Americas, LLC (CAL), an entity formed pursuant to an operating agreement between those individuals to act as the exclusive North and Central American distributor for a product called Cataclean. Cataclean was invented by Collins, who held Cataclean's patent. System Products UK, Ltd. (SPUK), an entity owned by Collins and Baigent, was Collins' agent for all matters related to Cataclean and the associated intellectual property. Cataclean's trademark was held by Rosehoff, Ltd. (Rosehoff), another entity owned by Collins and Baigent.

After CAL's formation, SPUK and CAL entered an agreement whereby CAL was licensed to distribute Cataclean. Although the licensing agreement expressly prohibited CAL from assigning its rights, CAL purported to assign its distribution rights to Prestolite Performance (Prestolite). Rosehoff and SPUK commenced a copyright infringement action in federal court against Prestolite, CAL, and plaintiffs, and Prestolite thereafter terminated its contractual relationship with CAL and allegedly entered into a contractual relationship with Rosehoff. Plaintiffs then commenced this action seeking, inter alia, damages for alleged breach of the CAL operating agreement by Baigent and Collins. Collins defaulted, and it was later discovered that he had died. The remaining defendants other than Baigent have left this action as the result of a settlement agreement.

We conclude that the court properly granted that part of Baigent's motion seeking summary judgment dismissing the cause of action for breach of the operating agreement and denied that part of plaintiffs' cross motion for summary judgment on that cause of action. The amended complaint alleges that Baigent breached the CAL operating agreement by entering into a business relationship with Prestolite, which plaintiffs contend was an opportunity usurped from CAL. The pertinent contractual provision allows members of CAL, such as Baigent, to compete with CAL, but requires an accounting and the imposition of a trust for any proceeds members receive through their use of "Company Property," including information developed exclusively for CAL and opportunities offered to CAL. The record establishes, however, that the Prestolite line of business was not CAL's company property, inasmuch as CAL had no right to assign to Prestolite any rights with respect to Cataclean or its distribution. Thus, Baigent established as a

matter of law that he did not breach CAL's operating agreement because his business relationship with Prestolite did not amount to improper competition with CAL, and plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), let alone demonstrate their own entitlement to judgment as a matter of law.

We reject plaintiffs' contention that summary judgment was premature because further discovery was needed. Plaintiffs failed "to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Buto v Town of Smithtown*, 121 AD3d 829, 830 [2014] [internal quotation marks omitted]; *see* CPLR 3212 [f]), and the " '[m]ere hope that somehow the plaintiff[s] will uncover evidence that will prove a case' " is insufficient for denial of the motion (*Mackey v Sangani*, 238 AD2d 919, 920 [1997]). Although plaintiffs contend that Baigent has refused to produce documents, no such refusal appears in the record, and plaintiffs, as the appellants, must suffer the consequences of proceeding on an incomplete record (*see Matter of Rodriguez v Ward*, 43 AD3d 640, 641 [2007]).

We also reject plaintiffs' contention that they are entitled to summary judgment on the ground that Baigent should be collaterally estopped from defending himself in the action by virtue of the default of Baigent's deceased codefendant, i.e., Collins. It is well settled that a "judgment obtained . . . against [a] defaulting defendant is not entitled to collateral estoppel effect against the nondefaulting defendants who would otherwise be denied a full and fair opportunity to litigate issues of liability" (*Holt v Holt*, 262 AD2d 530, 530 [1999]; *see Chambers v City of New York*, 309 AD2d 81, 85-86 [2003]; *see also Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]).

In light of our determination, we further conclude that the court properly denied as moot that part of plaintiffs' cross motion seeking to preclude Baigent from offering evidence at trial on the ground that he failed to comply with discovery demands. Present—Whalen, P.J., Lindley, NeMoyer, Curran and Troutman, JJ.