Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C. (2019 NY Slip Op 06942)





Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C.


2019 NY Slip Op 06942


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


877 CA 19-00272

[*1]NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, PLAINTIFF-APPELLANT,
v
BEACON ACUPUNCTURE, P.C., COLUMBUS IMAGING CENTER, LLC, LONGEVITY MEDICAL SUPPLY, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






HOLLANDER LEGAL GROUP, P.C., MELVILLE (ALLAN HOLLANDER OF COUNSEL), HARRIS J. ZAKARIN, P.C., FOR PLAINTIFF-APPELLANT. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered August 7, 2018. The order, insofar as appealed from, denied in part plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and judgment is granted in favor of plaintiff as follows:
It is ADJUDGED and DECLARED that plaintiff is not obligated to pay the claims of defendants-respondents submitted in connection with their provision of healthcare services or medical equipment to defendant Quentin Walker.
Memorandum: Plaintiff commenced this action seeking a declaration that it was not obligated to pay certain insurance claims related to a motor vehicle accident in which, as relevant here, defendant Quentin Walker was allegedly injured. Plaintiff moved for summary judgment on the complaint against defendants-respondents (defendants), which provided healthcare services or medical equipment to Walker, and defendant Nu Age Medical Solutions, Inc. After noting that the "issue [was] limited to the bills relating to" Walker, Supreme Court denied the motion with respect to defendants. In its order, the court determined that, although plaintiff had met its initial burden and defendants had failed to raise a triable issue of fact in opposition, the motion was premature with respect to defendants. Plaintiff now appeals from the order insofar as it denied the motion in part.
We agree with plaintiff that its motion was not premature inasmuch as defendants failed to demonstrate that " discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of' " plaintiff (Gannon v Sadeghian, 151 AD3d 1586, 1588 [4th Dept 2017]). " Mere hope that somehow the [nonmovant] will uncover evidence that will [help its] case provides no basis . . . for postponing a determination of a summary judgment motion' " (Mackey v Sangani, 238 AD2d 919, 920 [4th Dept 1997]). Further, we agree with the court that plaintiff met its burden as movant and that defendants failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore reverse the order insofar as appealed from, grant the motion in its entirety, and grant judgment in favor of plaintiff declaring that it is not obligated to pay the claims of defendants submitted in connection with their provision of healthcare services or medical equipment to defendant Quentin Walker.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court