Eberhardt v G&J Contr., Inc. (2020 NY Slip Op 06628)





Eberhardt v G&J Contr., Inc.


2020 NY Slip Op 06628


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


786 CA 19-02188

[*1]CHARLES EBERHARDT, PLAINTIFF-APPELLANT,
v
G & J CONTRACTING, INC., DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (TIMOTHY P. WELCH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered November 26, 2019. The order granted the motion of defendant G & J Contracting, Inc. for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries sustained at a work site and asserted causes of action against, inter alia, G & J Contracting, Inc. (defendant) for common-law negligence and the violation of Labor Law §§ 200 and 241 (6). Defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion, and we now affirm.
Contrary to plaintiff's contention, the summary judgment motion was not premature (see Gannon v Sadeghian, 151 AD3d 1586, 1588 [4th Dept 2017]). Contrary to plaintiff's further contention, the court properly granted the motion. Defendant established as a matter of law that, "as a subcontractor, it did not have the authority to supervise or control the work that caused the plaintiff's injury and thus cannot be held liable under Labor Law §§ 200 . . . or 241 (6)" (Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1327 [4th Dept 2014] [internal quotation marks omitted]). Similarly, defendant cannot be held liable for common-law negligence because it did not "exercise any direct control over [the work] or the manner in which [the] work was performed" (Wright v Ellsworth Partners, LLC, 143 AD3d 1116, 1120 [3d Dept 2016]) and it did not create a hazardous condition (cf. Johnson v Ebidenergy, Inc., 60 AD3d 1419, 1421 [4th Dept 2009]). In opposition, plaintiff failed to raise a triable issue of fact (see generally 
Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court